ROBINSON V CITY OF LANSING, No. 138669. We direct the clerk to schedule oral argument on whether to grant the application or take other peremptory action. MCR 7.302(H)(1). The parties may file supplemental briefs within 42 days of the date of this order, but they should not submit mere restatements of their application papers.

The Michigan Association for Justice and the Michigan Municipal League are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae. Reported below: 282 Mich App 610.

*Summary Disposition July 17, 2009:*

LEASE ACCEPTANCE CORPORATION V ABEL, No. 138009. Pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals and reinstate the order of the Oakland Circuit Court dismissing the plaintiff's consolidated actions with prejudice relative to future litigation in Michigan between the parties concerning the subject matter of the underlying lawsuit and without prejudice relative to future litigation outside Michigan. The trial court did not abuse its discretion in determining that Michigan was not "a reasonably convenient place for the trial of the action," MCL 600.745(2)(b), when considering the factors supplied in *Cray v Gen Motors Corp*, 389 Mich 382, 395-396 (1973). See also *Lease Acceptance Corp v Adams*, 272 Mich App 209 (2006). The motion to dismiss and request for sanctions is denied. Court of Appeals No. 278716.

MARKMAN, J. (*dissenting*). I would not reverse the Court of Appeals. Instead, I would grant leave to appeal to consider: (1) whether, contrary to MCL 600.745(2), which is designed to determine whether Michigan constitutes a *reasonably convenient* place for certain types of litigation, the trial court erred in importing a standard drawn from the common law, which is designed to determine whether Michigan constitutes the *most convenient* place for certain other types of litigation, thereby placing a greater burden on Michigan plaintiffs to sustain lawsuits in Michigan courts and a lesser burden on out-of-state defendants to sustain lawsuits in out-of-state courts; and (2) whether the trial court abused its discretion by finding that Michigan does not constitute a reasonably convenient place for the instant litigation, thereby requiring a Michigan business to make approximately 300 trips to California in order to bring a breach of contract action rather than requiring each of approximately 300 California defendants to make one trip to Michigan, so that the Michigan business can defend itself against a breach of contract action, despite the fact that each such defendant has contractually consented to personal jurisdiction in Michigan.